UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ELIZABETH BALLINGER,

                                            Plaintiff(s),

          -against-

THE CITY OF NEW YORK, POLICE OFFICER MICHAEL GUARDINO, SERGEANT JASON ZEIKEL, & JOHN and JANE DOE (1-5) police officers of the New York City Police Department, the identity, rank, and number of whom is presently unknown,
,

                                            Defendants.
-------------------------------------------------------------------------X

Civil Action No. 1:16-cv-4830

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff ELIZABETH BALLINGER, by and through her attorney, ABE GEORGE, ESQ., of the LAW OFFICES OF ABE GEORGE, P.C., complaining of the defendants herein, upon information and belief, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action stemming from a false arrest and malicious prosecution in which the plaintiff seeks relief for the defendants' violations of her rights secured by 42 U.S.C. § 1983, by the United States Constitution, including its Fourth, Fifth, and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2.    Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

3.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

5. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

7. Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## PARTIES

8. At all times relevant to this action, Plaintiff ELIZABETH BALLINGER, is and was a resident of Kings County, New York.

9. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintains a police force known as the NEW YORK CITY POLICE DEPARTMENT ("NYPD")., which acts as Defendant CITY OF NEW YORK's agent in the area of law enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers.

10. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of Defendants POLICE OFFICER MICHAEL GUARDINO, Shield No. 23348, defendant SERGEANT JASON ZEIKEL, Shield No. 5634, and  JOHN and JANE DOES (1-5), police officer(s)

of the New York City Police Department, the identity, number, and rank of whom is presently unknown (hereinafter "JOHN AND JANE DOE (1-5).

11. Defendant POLICE OFFICER MICHAEL GUARDINO, Shield No. 23348, and DEFENDANT SERGEANT JASON ZEIKEL, Shield No. 5634, (hereinafter "SGT. JASON ZEIKEL") are and were, at all times relevant herein, duly appointed and acting officers, servants, employees, and agents of the NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), a municipal agency of defendant CITY OF NEW YORK.

12. Defendant JOHN and JANE DOES (1-5), police officer(s) of the New York City Police Department, the identity, number, and rank of whom is presently unknown, (hereinafter, all police officers including JOHN and JANE DOES (1-5), collectively referred to as "defendant officers"), are and were, at all times relevant herein, duly appointed and acting officers, servants, employees, and agents of the NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), a municipal agency of defendant CITY OF NEW YORK.

13. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the CITY OF NEW YORK and/or the State of New York.

14. The actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant CITY OF NEW YORK.

15. Plaintiff is suing the defendant officers in their individual and official capacities.

## NOTICE OF CLAIM

16. Plaintiff Ballinger timely filed a Notice of Claim with the Comptroller of the City of New York, setting forth the facts underlying plaintiff's claims against Defendant CITY OF NEW YORK.

17. The City assigned a claim number to plaintiff's claims, and plaintiff was subjected to an examination pursuant to N.Y. Gen. Mun. L. Sec. 50-h.

18. To date, Defendant CITY OF NEW YORK has not offered to settle this matter in in response to this claim.

19. This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

## STATEMENT OF FACTS

20. On or about June 5, 2015, at approximately 10:30 p.m., in the vicinity of the Linden Plaza Apartments located at 675 Lincoln Avenue, Brooklyn, New York, (hereinafter "675 Lincoln"). Plaintiff ELIZABETH BALLINGER (hereinafter "Plaintiff") was present along with numerous other individuals inside of the aforementioned building.

21. While Plaintiff and others were in the lobby of said building two defendant police officers POLICE OFFICER MICHAEL GUARDINO and SGT. JASON ZEIKEL entered the lobby and started to approach the group.

22. One of Plaintiff's friends advised Ballinger to leave the group because "she had nothing to do with it." Plaintiff understood the comment to mean that someone had contraband on them.

23. Plaintiff observed certain individuals drop their bags and began to run when the cops entered.

24. In fear that Plaintiff would be associated with other people's contraband Plaintiff fled along with other members of the group.

25. Plaintiff was never engaged in any illegal activity inside or outside of the aforementioned apartment building.

26. Plaintiff was not carrying anything on her before or during the time she saw the police.

27. One Police Officer, JOHN DOE chased Plaintiff and Plaintiff initially lost the Police Officer.

28. More police officers were mobilized to the location including police helicopters.

29. Police Officers JOHN AND JANE DOE (1-5) caught site of Plaintiff again and Plaintiff ran towards a train yard. Plaintiff, who was not wearing her glasses at the time, tried to scale a fence, to get away from what she felt would be an illegal arrest, when she got caught in a razor sharp barbed wire fence.

30. Defendant Police Officers POLICE OFFICER MICHAEL GUARDINO , SGT. JASON ZEIKEL and/or JOHN AND JANE DOE (1-5) flashed their light on Plaintiff and said "There go that little b."

31. Defendant Police Officers POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOE (1-5) refused to render immediate aid and decided to wait for the fire department, who took at least six minutes to arrive, leaving plaintiff in excruciating pain.

32. At the building premises where police initially saw Plaintiff run, defendant police officers POLICE OFFICER MICHAEL GUARDINO, and/or SGT. JASON ZEIKEL and/or JOHN AND JANE DOE (1-5) found a pocketbook with a .40 caliber Beretta and an imitation pistol.

5

33. Defendant officers POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5) never saw Plaintiff in physical possession of the bag containing the firearm and there were no witnesses and no corroborating evidence (e.g. video, DNA, fingerprints) to suggest Plaintiff possessed said weapon.

34. Defendant officers POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5) did not question other witnesses or try to obtain a statement from the Plaintiff and/or other witnesses to determine whose gun was in the bag.

35. Defendants officers POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5) rushed to judgment and ignored exculpatory material found within the bag containing the gun indicating that the gun didn't belong to Plaintiff.

36. Plaintiff never possessed an illegal firearm or an imitation pistol.

37. After the fire department removed Plaintiff from the fence, she was placed under arrest for the gun and other contraband in the bag by POLICE OFFICER MICHAEL GUARDINO.

38. Plaintiff was taken to Brookdale hospital and was handcuffed for 4-5 hours while receiving medical treatment which included seven stitches on her buttocks which left Plaintiff with permanent scars.

39. Eventually, Plaintiff got out of the hospital and was processed and then brought before a judge where she was arraigned on charges of felony possession of a firearm, under Kings County Docket 2015KN036692.

40. A criminal court judge set bail in the amount of $3,500 and Plaintiff was then incarcerated with the New York City Department of Corrections for approximately 5 days until Plaintiff's mom raised the bail money to get her out of jail.

41. Upon information and belief POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5) officers testified in a Kings County Grand Jury against Plaintiff not revealing to the grand jury potential exculpatory material found in the bag where the guns were recovered.

42. Plaintiff was subsequently indicted by a grand jury under Kings County Indictment Number 4420/2015.

43. Proceedings went on for approximately 8 months before the Honorable Martin Murphy in Kings County Supreme Court.

44. Plaintiff had to miss approximately 16 days of school over eight months to attend the criminal proceedings against her and had to endure the ridicule and shame of the pending case because the arrest was publicized in the New York Daily News on or around June 6, 2015 accusing Plaintiff of possessing a firearm.

45. On March 29, 2016 the charges against the Plaintiff were dismissed in court because there was insufficient evidence to show that Plaintiff possessed the gun.

46. As a result of this incident Plaintiff has suffered physical, mental, emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

47. Prior to said incident Plaintiff had never been arrested before.

**FIRST CLAIM: GENERAL ALLEGATIONS**
Fourth, Fifth and Fourteenth Amendments and 42 U.S.C § 1983
Plaintiff Against All Defendants

48. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

49. By the actions described above, defendants POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5) arrested Elizabeth

Ballinger without having probable cause to arrest Plaintiff for any offense. The conduct of defendants, as described herein, amounted to false arrest, excessive use of force, malicious abuse of process, failure to intervene, unlawful stop and frisk, unreasonable detention, unreasonable search and seizure, racial profiling, abuse of authority, unlawful taking of private property, discrimination, selective enforcement, denial of equal protection of the laws, denial of due process rights and malicious prosecution. Such conduct described herein violated Plaintiff' rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

50. Consequently, Plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SECOND CLAIM FOR RELIEF: FALSE ARREST
42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
Plaintiff Against all Defendant Police Officers

51. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

52. Defendant officers POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5) in arresting Plaintiff without probable cause and confining Plaintiff who was conscious of her imprisonment against her will and without any privilege to do so as is required by the Fourth and Fourteenth Amendments are liable for violating 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

53. As a direct and proximate result of aforesaid Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### THIRD CLAIM FOR RELIEF: MALICIOUS PROSECUTION
42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
Plaintiff Against all Defendant Police Officers

54. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

55. Defendant officers POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5) in arresting Plaintiff maliciously initiated a prosecution, wherein the defendant officers lacked probable cause to believe the proceeding could succeed which was confirmed when Plaintiff's case was dismissed on or around March 29, 2016.

56. By their conduct, as described herein, and acting under color of state law, POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5), are liable to the Plaintiff under 42 U.S.C. § 1983 for the violation, of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

57. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## FOURTH CLAIM: FAILURE TO TRAIN
42 U.S.C § 1983
Plaintiff Against CITY OF NEW YORK

58. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. The NYPD's training program was not adequate to train the defendant officers POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5) to properly handle usual and recurring situations, particularly in terms of proper procedures to properly investigate before arresting suspects.

60. The NYPD and the City of New York were deliberately indifferent to the need to train its officers adequately.

61. Specifically, if defendant officers POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5) had conducted a better investigation and understood the importance of exculpatory evidence then Plaintiff would never have been arrested.

62. The failure to provide proper training was the cause of Plaintiff' deprivation of her due process rights.

63. In the deprivation of her freedom through her wrongful arrest Plaintiff was harmed in this malicious prosecution and false arrest and the NYPD's failure to adequately train its officers' was a substantial factor in causing the harm.

## FIFTH CLAIM: MUNICIPAL LIABILITY
42 U.S.C § 1983
Plaintiff Against CITY OF NEW YORK

64. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65. Defendant CITY OF NEW YORK, acting through the NYPD, had actual and/or defacto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, and obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

66. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

67. <u>Schoolcraft v. City of New York</u>, 10-CV-6005 (RWS) (S.D.N.Y) (police officer who exposed a precinct's policies and practices of illegal quotas for the issuance of summonses and arrests, falsifying evidence and suborning perjury alleges he was arrested and committed to a psychiatric facility in retaliation for exposing these practices and customs);

68. <u>Taylor-Mickens v. City of New York</u>, 09-CV-7923 (RWS)(S.D.N.Y)(police officers at 24th precinct issued four summonses to a woman in retaliation for her lodging a complaint with the Civilian Complaint review Board against the precinct);

69. <u>People v. Pagan</u>, 6416-2008 (Sup. Ct. N.Y. Co.) (officer swears out a false complaint and is convicted of falsifying police records);

70. <u>Lin v. City of New York</u>, 10-CV-1936 (PGG) (S.D.N.Y) (officers arrest a person lawfully photographing an arrest of a bicyclist in Times Square and swear out criminal complaints that is contradicted by video evidence);

71. <u>Colon v. City of New York</u>, 9-CV-0008 (JBW)(E.D.N.Y) (in an Order dated November 29, 2009 denying the City's motion to dismiss, wherein the police officers at issue

11

were prosecuted for falsifying evidence, the Honorable Jack B. Weinstein wrote: 'Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.'

72.   People v. Arbeedy, 6314-2008 (Sup. Ct. Kings Co.) (NYPD narcotics detective found guilty planting drugs on two innocent civilians; former undercover NYPD narcotics officer, Steve Anderson, testified that fellow narcotics officers routinely maintained a stash of narcotics to plant on innocent civilians in order to help those officers meet arrest quotas; Mr. Anderson testified concerning the NYPD's practice of "attaching bodies" to the narcotics to make baseless arrests stating: "It was something I was seeing a lot of, whether it was from supervisors or undercovers and even investigators. Seeing it so much, it's almost like you have no emotion with it. The mentality was that they attach bodies to it, they're going to be out of jail tomorrow anyway, and nothing is going to happen to them anyway. That kind of came to me and I accepted it –being around so long, and being an undercover";

73.   Bryant v. City of New York, 22011/2007 (Sup. Ct. Kings Co.) (Jury declares that NYPD officers acted pursuant to a City policy regarding the number of arrests officers were expected to make that violated plaintiff's constitutional rights and contributed to her arrest);

74. <u>Williams v. City of New York</u>, 06-CV-6601 (NGG) (E.D.N.Y.) (officers arrest plaintiff during a "vertical patrol" of a public housing project despite evidence that he had a legitimate reason to be on premises);

75. <u>MacNamara v. City of New York</u>, 04-CV-9216 (RJS)(JCF)(S.D.N.Y) (evidence of perjured sworn statements systematically provided by officers to attempt to cover up or justify unlawful mass arrests of approximately 800 people has been and continues to be developed in the consolidated litigation arising out of the 2004 Republican National Convention);

76. <u>McMillan v. City of New York</u>, 04-cv-3990 (FB)(RML) (E.D.N.Y.)(officers fabricated evidence against an African-American man in Kings County and initiated drug charges against him, despite an absence of an quantum of suspicion);

77. <u>Nonneman v. City of New York</u>, 04-CV-10131 (JSR)(AJP) (S.D.N.Y.) (former NYPD lieutenant alleging retaliatory demotion and early retirement after reporting a fellow officer to IAB and CCRB for the officer's suspicionless, racially-motivated stop-and-frisk of a group of Hispanic youths);

78. <u>Richardson v. City of New York</u>, 02-CV-3651 (JG)(CLP) (E.D.N.Y.) (officers fabricated evidence including knowingly false sworn complaints, against an African-American man in Kings County and initiated drug charges against him, despite an absence of any quantum of suspicion);

79. <u>White-Ruiz v. City of New York</u>, 93-CV-7233 (DLC) (MHD), 983 F.Supp. 365, 380 (S.D.N.Y.) (holding that the NYPD had an "unwritten policy or practice of encouraging or at least tolerating a pattern of harassment directed at officers who exposed instances of police corruption");

80. Exclusive: Muslim Woman Settles Racial Profiling Lawsuit with NYC but says Officials Refused to Meet with her to Discuss Police Abuse (Daily News, available at nydailynews.com/new-york/exclusive-woman-settles-racial-profiling-suit-nyc-article-1.2327196): After settling for over $37,000 after Mrs. Huq was arrested for Obstructing Pedestrian Traffic, police officials refused to change policy or meet to discuss additional training and supervision of officers;

81. Two individuals were arrested after they filmed NYPD officers conduct stop-and-frisks at a car checkpoint. Christina Gonzales and Matthew Swaye said they were returning from a Bronx mall at about 10:30 p.m. when they noticed several vehicles stopped. When Gonzalez took out her camera to begin filming, they were arrested. DNA Info (May 21, 2013), http://www.dnainfo.com/new-york/20130521/central-harlem/professional-agitators-on-nypd-wanted-flier-arrested-after-filiming-stop; and

82. On June 20, 2013, NYPD officers arrested a photographer taking photographs of a Bushwick police station when he refused to tell the officers why he was taking the photographs. Shawn Randall Thomas was given two summonses for Disorderly conduct. DNA Info (June 20, 2013), http://www.dnainfo.com/new-york/201306t20/bushwick/photographer-arrested-taking-pictures-of-police-station-house-bushwick).

83. Defendant CITY OF NEW YORK maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant CITY OF NEW YORK acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

84. The actions of defendants, acting under color of State law, deprived Plaintiff of their due process rights, and rights, remedies, privileges, and immunities under the laws and

Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, racial profiling, the excessive use of force and the right to due process.

85.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

### SIXTH CLAIM: MALICIOUS PROSECUTION
COMMON LAW CLAIM
Plaintiff Against all Defendant Police Officers

86.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

87.     Defendant officers POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5) in arresting Plaintiff maliciously initiated a prosecution, wherein the officers lacked probable cause to believe the proceeding could succeed which was confirmed when the case was dismissed on or about March 29, 2016.

88.     Consequently, Plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### SEVENTH CLAIM: FALSE IMPRISONMENT
COMMON LAW CLAIM
Plaintiff against Against all Defendant Police Officers

89. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

90. In falsely arresting Plaintiff, defendants POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5) intended to confine Plaintiff against her will. Plaintiff was conscious of her 5 days of confinement and Defendants had no right or privilege to confine Plaintiff.

91. Consequently, Plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### EIGHTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
COMMON LAW CLAIM
Plaintiff Against all Defendant Police Officers

92. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

93. Defendant officers POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5), in maliciously, knowingly and intentionally, arresting Plaintiff without probable, was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

94. Defendants intended to and did cause severe emotional distress to Plaintiff.

95. The conduct of the aforesaid defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

96. As a result of the foregoing, Plaintiff was deprived of her liberty. Plaintiff was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

### NINTH CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
COMMON LAW CLAIM
Plaintiff against all Defendant Police Officers

97. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

98. Defendant officers POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5), in maliciously, arresting Plaintiff without probable cause were careless and negligent as to the emotional health of Plaintiff. Defendants actions caused severe emotional distress to the Plaintiff.

99. The acts and conduct of the aforesaid defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

### TENTH CLAIM: NEGLIGENT SUPERVISION, RETENTION AND TRAINING
COMMON LAW CLAIM
Plaintiff against City Of New York

100. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

101. Defendant CITY OF NEW YORK negligently trained, retained, and supervised Defendant officers POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5). The acts and conduct of said Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

102. Specifically if defendant officers POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5) were better trained on investigations and recognizing exculpatory evidence Plaintiff would not have been arrested or maliciously prosecuted.

103. As a result of the foregoing Plaintiff was deprived of her liberty, was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

### **ELEVENTH AND TWELFTH CLAIMS: ASSAULT AND BATTERY**
Common Law Claims
Plaintiff Against all Defendant Police Officers

104. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

105. Defendant officers POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5), by intentionally handcuffing and falsely arresting Plaintiff without her consent placed Plaintiff in fear of imminent harmful or offensive contact.

106. As a result of Defendants' assault and battery Plaintiff was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

## **THIRTEENTH CLAIM FOR RELIEF: RESPONDEAT SUPERIOR**
Common Law Claim
Plaintiff Against CITY OF NEW YORK

107. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

108. The conduct of defendant officers POLICE OFFICER MICHAEL GUARDINO, SGT. JASON ZEIKEL and/or JOHN AND JANE DOES (1-5), occurred while they were on duty, in and during the course and scope of their duties and functions as New York City Police Officers and while they were acting as agents and employees of the Defendant CITY OF NEW YORK.

109. Defendant CITY OF NEW YORK is liable to Plaintiff under the common law doctrine of respondeat superior.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

(a) That Plaintiff be compensated for the violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

(b) That Plaintiff be awarded punitive damages against the defendants; and

(c) Award attorneys' fees pursuant to 42 U.S.C. § 1988;

(d) Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988

(e) For such other further and different relief as to the Court may deem just and proper.

DATED:    December 20, 2016
          New York, New York

                              LAW OFFICES OF ABE GEORGE, P.C.,
                         By:
                              _/s/_____
                              Abraham M. George
                              44 Wall Street, 2nd Floor
                              New York, NY 10005
                              (P) 212-498-9803
                              (F) 646-558-7533
                              E-mail: abe@abegeorge.lawyer